THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00292-MR-DLH

| | |
|---|---|
| RHONDA SUE PRICE, ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> vs. ) <br> ) <br> CLEVELAND COUNTY DEPARTMENT ) <br> OF SOCIAL SERVICES, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Application to Proceed without Prepayment of Fees or Costs [Doc. 2].

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff brings this action against the Cleveland County Department of Social Services ("the Department"). In her Complaint, the Plaintiff challenges the issuance of a no-contact order, which she contends is depriving her of contact with her minor child in violation of her constitutional rights. [Doc. 1 at 6]. Specifically, the Plaintiff alleges that the Department has violated the Americans with Disabilities Act by issuing this no-contact order. [Id.]. She further alleges that she has filed a petition for return of her child, but that the petition is not being adjudicated in a timely manner. [Id.].

For relief, the Plaintiff seeks an injunction "blocking the state court from any further action[,] to restore [her] parental rights[,] and to proceed in a timely manner ...." [Doc. 1 at 4].

## II. STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction. United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009). "Thus, when a district court lacks subject matter jurisdiction over an action, the action must be dismissed." Id. The lack of subject matter jurisdiction is an issue that may be raised at any time. See Ellenburg v. Spartan Motors Chassis, Inc., 519 F.3d 192, 196 (4th Cir. 2008). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

In this action, the Plaintiff appears to challenge orders issued in a custodial proceeding in a North Carolina state court. Under the Rooker-Feldman doctrine, however, this Court does not have jurisdiction to consider the Plaintiff's claims.

The United States Supreme Court has exclusive jurisdiction over appeals from state-court judgments. See 28 U.S.C. § 1257(a); District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).  As a corollary to this rule, the Rooker-Feldman doctrine prohibits "a party losing in state court . . . from seeking what in substance would be an appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994).  "The Rooker-Feldman doctrine bars lower federal courts from considering not only issues raised and decided in state courts, but also issues that are 'inextricably intertwined' with the issues that are before the state court."  Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) (quoting Feldman, 460 U.S. at 486). As the Fourth Circuit has explained, "if the state-court loser seeks redress in the federal district court for the injury caused by the state-court decision, his federal claim is, by definition, 'inextricably intertwined' with the state-court decision, and is therefore outside the jurisdiction of the federal district court."  Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

The Supreme Court has cautioned that Rooker-Feldman is a "narrow doctrine" which "is confined to cases of the kind from the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused

3

by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Accordingly, pursuant to Exxon, the Court must examine "whether the state-court loser who files suit in federal district court seeks redress for an injury caused by the state-court decision itself. If he is not challenging the state-court decision, the Rooker-Feldman doctrine does not apply." Davani, 434 F.3d at 718 (footnote omitted); Moore v. Idealease of Wilmington, 465 F.Supp.2d 484, 490 (E.D.N.C. 2006).

In the present case, the Plaintiff appears to challenge the orders of a state court in a custodial proceeding. Because the Plaintiff does not allege any injury independent of this state-court action, the Court concludes that the Plaintiff's Complaint must be dismissed pursuant to the Rooker-Feldman doctrine for lack of subject matter jurisdiction. If the Plaintiff wishes to challenge the validity of the state court's orders, she must do so in the North Carolina state courts.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Application to Proceed without Prepayment of Fees and Affidavit [Doc. 2] is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [Doc. 1] is **DISMISSED** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed: November 3, 2017

Martin Reidinger
United States District Judge